IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA BARBIERI, | : | 18 1710 |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | |
| SWEET STREET DESSERTS, INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

FILED
APR 23 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk



## COMPLAINT

Plaintiff, Andrea Barbieri, by and through her attorneys, brings this Complaint and asserts the following claims against Defendant, Sweet Street Desserts, Inc. ("Sweet Street").

## INTRODUCTION

Andrea Barbieri worked for Sweet Street Desserts for approximately 20 years, from 1996 until Sweet Street fired her in May 2016 because her back impairment may have required surgery. On the day before Ms. Barbieri was scheduled to obtain the results of her back MRI, Sweet Street "eliminated" her position of Sales Operations Manager due to alleged "redundancies" in her work without any contemporaneous evidence that business reasons motivated that decision. Days after the termination, Ms. Barbieri's boss confided to a colleague that he fired her because of her back issues. The purpose of this lawsuit is to hold Sweet Street Desserts accountable for blatant disability discrimination, and ensure that Ms. Barbieri is compensated for her harms and losses, including the emotional distress of losing her medical insurance in the midst of a health crisis.

## PARTIES

1. Ms. Barbieri is a citizen of the United States who resides in Douglassville, Pennsylvania.

2. At all relevant times, Ms. Barbieri was an "employee" of Sweet Street as defined in the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

3. Sweet Street is a private corporation that manufactures and distributes frozen gourmet desserts, with its corporate headquarters located in Reading, Pennsylvania.

4. At all relevant times, Sweet Street was Ms. Barbieri's "employer" as defined in the ADA, 42 U.S.C. § 12111, and the PHRA, 43 P.S. § 954.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §§ 12112 and 12117.

6. This Court has supplemental jurisdiction over Ms. Barbieri's claims under the PHRA, 43 P.S. §§ 955(a) and (d), pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

7. Ms. Barbieri has adequately exhausted her administrative remedies under the ADA and the PHRA. Specifically, Ms. Barbieri filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), on November 10, 2016,

alleging discrimination because of her disability and/or because Defendant regarded her as disabled.

8. The EEOC issued a Determination dated January 11, 2018, concluding that there is reasonable cause to believe Defendant violated the ADA by terminating Ms. Barbieri's employment because of her disability. The EEOC issued a Notice of Right to Sue on February 21, 2018, after efforts at conciliation failed.

9. More than one year has elapsed since the filing of Ms. Barbieri's complaint with the PHRC.

10. The amount in controversy in this case exceeds the jurisdictional amount for arbitration of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

11. Ms. Barbieri's employment with Sweet Street was based in Reading, Pennsylvania, and the events giving rise to her claims occurred within this judicial district. Venue is properly invoked pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## STATEMENT OF CLAIMS

12. Ms. Barbieri worked for Sweet Street from 1996 until the termination of her employment on May 17, 2016, other than during a brief period in the summer of 2002. At the time of her termination, Ms. Barbieri worked as Sales Operations Manager, a role she had been promoted into in 2003.

13. As Sales Operations Manager, Ms. Barbieri had responsibility for, among other things, overseeing the sales administration department and assisting with the product pricing process.

14. Ms. Barbieri reported to Rick Kirkpatrick, Vice President of Sales and Marketing.

15. Throughout her employment, Ms. Barbieri received positive performance reviews, and annual salary increases.

16. For many years, Ms. Barbieri has suffered from a back impairment, including bulging discs. In 2016 prior to her termination from employment, Ms. Barbieri was experiencing increased back pain, and visited her health care providers on multiple occasions for assessments (blood tests, ultrasounds, etc.), and several acupuncture treatments.

17. Ms. Barbieri's colleagues, including Mr. Kirkpatrick, were aware of her health issues.

18. On May 12, 2016, Ms. Barbieri had an MRI to determine the cause of the increased pain. Mr. Kirkpatrick was specifically aware of the MRI, as he wished Ms. Barbieri "good luck" when she left for the test.

19. Shortly thereafter, Ms. Barbieri reconfirmed to her co-worker, Jennifer Matten, that she continued to experience back problems, and may need to go out on short-term disability if the MRI showed she needed back surgery.

20. Ms. Matten works for Sweet Street as Mr. Kirkpatrick's Administrative Assistant, and a Marketing Communications Specialist.

21. Ms. Barbieri had an appointment with a neurosurgeon scheduled for May 18, 2016 to review the MRI, when she expected to receive additional information about her diagnosis and potential treatment.

22. On May 17, 2016, within days of Ms. Barbieri's discussion with Ms. Matten about the potential need for back surgery, Mr. Kirkpatrick and Debra Antol, the Human Resources Manager, called her into a conference room and informed her that she was being laid off.

23. Specifically, Mr. Kirkpatrick stated that Ms. Barbieri's position was "no longer needed," that he was taking the department in a "different direction," and there was "too much redundancy" relative to the tasks she performed.

24. Mr. Kirkpatrick and Ms. Antol advised Ms. Barbieri that she had to leave the premises immediately, and that she should pack up her things and leave without speaking to anyone.

25. Contrary to Sweet Street's articulated reason for terminating Ms. Barbieri's employment, her duties were not "redundant," and had to be absorbed by Mr. Kirkpatrick and the other members of the department.

26. In fact, Ms. Barbieri had been in the same position reporting to Mr. Kirkpatrick for 13 years, and there had been no recent changes to the organizational structure of the Sales and Marketing function or the department work load that would have explained the termination based on any legitimate business reasons.

27. Ms. Barbieri's medical insurance terminated immediately upon the termination of her employment. As a result, Ms. Barbieri was unable to keep her appointment with the neurosurgeon scheduled for May 18, 2016.

28. At a subsequent appointment, Ms. Barbieri received a diagnosis of degenerative disc disease.

29.     Upon information and belief, Mr. Kirkpatrick advised his colleague, Ms. Kelly Sholl-Krieger, Sweet Street's National Account Director, that he terminated Ms. Barbieri's employment because he heard from Ms. Matten that she was thinking about having back surgery.

30.     On May 19-20, 2016, Mr. Kirkpatrick and Ms. Sholl-Krieger traveled to Chicago for a trade show. Christopher White, Sweet Street's Corporate Account Manager, also attended the same trade show.

31.     While in Chicago in the days after Mr. Kirkpatrick terminated Ms. Barbieri's employment, Ms. Sholl-Krieger told Mr. White that she learned from Mr. Kirkpatrick that he let Ms. Barbieri go because he learned from Ms. Matten that she might have back surgery.

32.     Mr. Kirkpatrick fired Ms. Barbieri because of her disability (degenerative disc disease) and/or because he regarded her as having a disability.

33.     Defendant's discriminatory termination of Ms. Barbieri's employment as detailed herein was committed with malice or with reckless disregard of her rights pursuant to the ADA.

34.     As a direct and proximate result of Defendant's illegal actions, Ms. Barbieri has sustained substantial and continuing injury, including but not limited to, loss of income and benefits, lost earning potential, emotional distress, humiliation, and the loss of self-esteem.

## COUNT I

### Disability Discrimination in Violation of the Americans with Disabilities Act

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Sweet Street violated the Americans with Disabilities Act by terminating Plaintiff's employment because of her disability and/or because it regarded her as disabled.

## COUNT II

### Disability Discrimination in Violation of the Pennsylvania Human Relations Act

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. Sweet Street violated the Pennsylvania Human Relations Act by terminating Plaintiff's employment because of her disability and/or because it regarded her as disabled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Andrea Barbieri, respectfully requests that this Court:

A. Enter a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein have violated Ms. Barbieri's rights as secured to her by law;

B. Require Defendant to reinstate Ms. Barbieri to a position equivalent to the one from which she was terminated and to award her full wages and benefits commensurate with that position;

  C. Award to Ms. Barbieri compensation for all past and future pecuniary losses resulting from Defendant's unlawful employment practices, including, but not limited to lost earnings, lost promotional opportunities, lost earnings growth potential, all compensation and benefits lost due to the actions of Defendant, all out-of-pocket losses, as well as an award of front pay if reinstatement is not possible;

  D. Award to Ms. Barbieri compensation for past and future non-pecuniary losses resulting from Defendant's unlawful employment practices, including, but not limited to, pain and suffering, emotional distress, humiliation, embarrassment, and a loss of life's pleasures in an amount to be determined at trial;

  F. Award to Ms. Barbieri punitive damages for Defendant's malicious and reckless conduct as described herein, in an amount to be determined at trial;

  G. Grant to Ms. Barbieri all costs, disbursements and reasonable attorneys' fees relating to the enforcement of her rights;

  H. Grant to Ms. Barbieri prejudgment interest; and

  I. Grant to Ms. Barbieri such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on the Counts in this Complaint.

GREENBLATT, PIERCE, FUNT AND FLORES, LLC

*/s/ Julie A. Uebler*

Julie A. Uebler, Esquire (ID No. 71297)
123 S. Broad Street, Ste. 2500
Philadelphia, Pennsylvania 19109
(215) 735-1600 (Voice)
(215) 735-1660 (Fax)
j.uebler@gpfflaw.com

Attorney for Plaintiff
Andrea Barbieri